UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDON GENTRY,<br><br>    Plaintiff,<br><br>    v.<br><br>HAMMOND POLICE DEPARTMENT,<br>*et al.*,<br><br>    Defendants. | No. 2:19 CV 400 |

## OPINION and ORDER

Brandon Gentry, proceeding without a lawyer, filed a complaint and a motion for leave to proceed in forma pauperis ("IFP"). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757. A court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir.

2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Gentry satisfies the financial prong of the analysis, but the suit does not have sufficient merit. Gentry alleges that he has identified a Hammond Police officer as being an individual who was involved in the rape of his two young nieces.[1] He does not provide the name of that individual in the complaint. He indicates that he attempted to convey information about the rapes to the Hammond Police Department but that two unnamed Lake County Sheriff's Department workers interfered with his claims. He does not explain how or why. He has sued the Lake County Sheriff and the Hammond Police Department for money damages, and he requests that those damages be paid to himself and to his nieces.

As an initial matter, Gentry may not file a lawsuit on behalf of his nieces. Though a litigant can represent his own interests, he may not represent others, not even his own

---

[1] Gentry has included the ages and full names of these relatives in his complaint. Therefore, the court will direct the Clerk to maintain the complaint (DE # 1) under seal.

2

child. *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001). Therefore, Gentry may not represent his nieces in this proceeding or seek damages for them.

Moreover, the complaint does not state a claim with regard to Gentry himself. To obtain relief under 42 U.S.C. § 1983, a plaintiff "must demonstrate that a person acting under color of state law deprived him of a right, privilege, or immunity secured by either the Constitution or by federal law." *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015). An individual "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction." *Id*. at 735 (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). Inactivity by police does not violate the constitution, and Gentry has not alleged any activity that would support the inference of such a violation. *See id*. at 735–37.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Here, allowing Gentry to amend his complaint would be futile because he has no plausible claim of his own related to the circumstances described. And, as noted above, he may not seek damages for his nieces—he has not named them as plaintiffs in this action nor could he file an amended complaint on their behalf.

For these reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court **DIRECTS** the Clerk to maintain the complaint (DE # 1) under seal.

**SO ORDERED.**

Date: November 1, 2019

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT